# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT QUINCY THOMAS, | CASE NO. 1:02-CV-05550-REC-LJO-P |
| Plaintiff, | **AMENDED SECOND SCHEDULING ORDER** |
| v. | Motions in Limine Deadline: November 21, 2005 |
| LT. M. STAINER, | |
| Defendant. | Telephonic Trial Confirmation Hearing:        December 1, 2005 at 8:30 a.m. in Courtroom 6 (LJO) |
| | Jury Trial:        January 10, 2006, at 9:00 a.m. in Courtroom 1 (REC) |

I.      Second Scheduling Order

Plaintiff Robert Quincy Thomas ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on plaintiff's complaint, filed on May 13, 2002, against defendant Stainer ("defendant") for use of excessive physical force, in violation of the Eighth Amendment.  Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, the Court will, by this order, set a further schedule for this litigation.

A.      Pre-Trial Statements

The parties are required to file pre-trial statements in accordance with the schedule set forth herein.  In addition to the matters already required to be addressed in the pre-trial statement in accordance with Local Rule 16-281, plaintiff will be required to make a particularized showing in

order to obtain the attendance of witnesses.  The procedures and requirements for making such a showing are outlined in detail below.  Plaintiff is advised that failure to comply with the procedures set forth below may result in the preclusion of any and all witnesses named in his pre-trial statement.

The parties are advised that failure to file pre-trial statements as required by this order may result in the imposition of appropriate sanctions, which may include dismissal of the action or entry of default.

B.    Evidence and Witness Information

At the trial of this case, plaintiff must be prepared to introduce evidence to prove each of the alleged facts that support the claims raised in the lawsuit.  In general, there are two kinds of trial evidence:  (1) exhibits and (2) the testimony of witnesses.  It is plaintiff's responsibility to produce all of the evidence to prove his case, whether that evidence is in the form of exhibits or witness testimony.  If plaintiff wants to call witnesses to testify, he must follow certain procedures to ensure that the witnesses will be at the trial and available to testify.

1.    Procedures for Obtaining Attendance of Incarcerated Witnesses Who Agree to Testify Voluntarily  -  An incarcerated witness who agrees voluntarily to attend trial to give testimony cannot come to court unless this Court orders the warden or other custodian to permit the witness to be transported to court.  This Court will not issue such an order unless it is satisfied that: (a) the prospective witness is willing to attend; and (b) the prospective witness has actual knowledge of relevant facts.

A party intending to introduce the testimony of incarcerated witnesses who have agreed voluntarily to attend the trial must serve and file a written motion for a court order requiring that such witnesses be brought to court at the time of trial.  The motion must: (1) state the name, address, and prison identification number of each such witness; and (2) be accompanied by declarations showing that each witness is willing to testify and that each witness has actual knowledge of relevant facts.  The motion should be entitled "Motion for Attendance of Incarcerated Witnesses."

The willingness of the prospective witness can be shown in one of two ways: (1) the party himself can swear by declaration under penalty of perjury that the prospective witness has informed the party that he or she is willing to testify voluntarily without being subpoenaed, in which

2

declaration the party must state when and where the prospective witness informed the party of this willingness; or (2) the party can serve and file a declaration, signed under penalty of perjury by the prospective witness, in which the witness states that he or she is willing to testify without being subpoenaed.

The prospective witness's actual knowledge of relevant facts can be shown in one of two ways: (1) if the party has actual firsthand knowledge that the prospective witness was an eyewitness or an ear-witness to the relevant facts (i.e., if an incident occurred in plaintiff's cell and, at the time, plaintiff saw that a cellmate was present and observed the incident, plaintiff may swear to the cellmate's ability to testify), the party himself can swear by declaration under penalty of perjury that the prospective witness has actual knowledge; or (2) the party can serve and file a declaration signed under penalty of perjury by the prospective witness in which the witness describes the relevant facts to which the prospective witness was an eye- or ear-witness. Whether the declaration is made by the party or by the prospective witness, it must be specific about the incident, when and where it occurred, who was present, and how the prospective witness happened to be in a position to see or to hear what occurred at the time it occurred.

The Court will review and rule on the motion for attendance of incarcerated witnesses, specifying which prospective witnesses must be brought to court. Subsequently, the Court will issue the order necessary to cause the witness's custodian to bring the witness to court.

**Motions for the attendance of incarcerated witnesses, if any, must be filed on or before October 31, 2005.  Oppositions, if any, must be filed on or before November 21, 2005.**

2.  Procedures for Obtaining Attendance of Incarcerated Witnesses Who Refuse to Testify Voluntarily  -  If a party seeks to obtain the attendance of incarcerated witnesses who refuse to testify voluntarily, the party should submit with his pre-trial statement a motion for the attendance of such witnesses.  Such motion should be in the form described above.  In addition, the party must indicate in the motion that the incarcerated witnesses are not willing to testify voluntarily.

3.  Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Agree to Testify Voluntarily  -  It is the responsibility of the party who has secured an unincarcerated

///

3

witness's voluntary attendance to notify the witness of the time and date of trial.  No action need be sought or obtained from the Court.

        4.    <u>Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Refuse to Testify Voluntarily</u>  -  If a prospective witness is not incarcerated, and he or she refuses to testify voluntarily, the witness must be served with a subpoena.  Fed. R. Civ. P. 45.  In addition, the party seeking the witness's presence must tender an appropriate sum of money for the witness.  <u>Id</u>.  In the case of an unincarcerated witness, the appropriate sum of money is the daily witness fee of $40.00 <u>plus the witness's travel expenses</u>.  28 U.S.C. § 1821.

If plaintiff wishes to obtain the attendance of one or more unincarcerated witnesses who refuse to testify voluntarily, plaintiff must first notify the Court in writing of the name and location of each unincarcerated witness.  The Court will calculate the travel expense for each unincarcerated witness and notify plaintiff of the amount(s).  Plaintiff must then, for each witness, submit a money order made payable to the witness for the full amount of the witness's travel expenses plus the daily witness fee of $40.00.  <u>The subpoena will not be served upon the unincarcerated witness by the United States Marshal unless the money order is tendered to the Court</u>.  Because no statute authorizes the use of public funds for these expenses in civil cases, the tendering of witness fees and travel expenses is required even if the party was granted leave to proceed in forma pauperis.

**If plaintiff wishes to have the Marshal serve any unincarcerated witnesses who refuse to testify voluntarily, plaintiff must submit the money orders to the Court no later than November 21, 2005.**  In order to ensure timely submission of the money orders, plaintiff should notify the Court of the names and locations of his witnesses, in compliance with step one, as soon as possible.

        C.    <u>Briefing Schedule and Hearing on Motions in Limine</u>

Any party may file a motion in limine.  The purpose of a motion in limine is to establish in advance of the trial that certain evidence should not be offered at trial.  Although the Federal Rules do not explicitly provide for the filing of motions in limine, the Court has the inherent power to hear and decide such motions as a function of its duty to expeditiously manage trials by eliminating evidence that is clearly inadmissible for any purpose.  <u>Luce v. United States</u>, 469 U.S. 38, 41 n. 4

1  (1984); <u>Jonasson v. Lutheran Child and Family Services</u>, 115 F. 3d 436, 440 (7th Cir. 1997).  The

2  Court will grant a motion in limine, and thereby bar use of the evidence in question, only if the

3  moving party establishes that the evidence clearly is not admissible for any valid purpose.  <u>Id.</u>;

4  <u>Hawthorne Partners v. AT & T Technologies, Inc.</u>, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993).

5  All motions in limine must be served on the other party, and filed with the Court, by

6  **November 21, 2005**.  Any motion in limine must clearly identify the nature of the evidence that the

7  moving party seeks to prohibit the other side from offering at trial.

8  Any opposition to a motion in limine must be served on the other party, and filed with the

9  Court, by **December 19, 2005**.

10  After reviewing the motions in limine, if the Court deems it necessary, the Court will set a

11  hearing date prior to trial for motions in limine.  If the Court does not deem a separate date

12  necessary, motions in limine will be heard on the morning of trial at 9:00 a.m.

13  Whether or not a party files a motion in limine, that party may still object to the introduction

14  of evidence during the trial.

15  Accordingly, the Court HEREBY ORDERS as follows:

16  1.  This matter is set for telephonic trial confirmation hearing before the undersigned on

17  **December 1, 2005, at 8:30 a.m.** in Courtroom 6;

18  2.  This matter is set for jury trial before the Honorable Robert E. Coyle on **January 10,**

19  **2006, at 9:00 a.m.** in Courtroom 1;

20  3.  Counsel for defendant is required to arrange for the participation of plaintiff in the

21  telephonic trial confirmation hearing and to initiate the telephonic hearing at (559)

22  498-7322;

23  4.  The parties shall each serve and file a pre-trial statement as described in this order on

24  or before **November 21, 2005**;

25  5.  Defendant shall submit with his pre-trial statement an additional copy on 3.5 inch

26  computer disk formatted for WordPerfect 8.0 directly to the chambers of the

27  undersigned (the disk will not be returned unless defendant so requests and provides

28  a self-addressed stamped mailing container or envelope);

2a356219897253a7

6.    If plaintiff intends to call incarcerated witnesses at time of trial, plaintiff shall serve and file a motion for attendance of incarcerated witnesses as described in this order on or before **October 31, 2005**;

7.    The opposition to the motion for the attendance of incarcerated witnesses, if any, shall be filed on or before **November 21, 2005**;

8.    If plaintiff wishes to obtain the attendance of unincarcerated witnesses who refuse to testify voluntarily, plaintiff must submit the money orders, as described in subsection 4 of this order, to the Court on or before **November 21, 2005**;

9.    The deadline for filing motions in limine is **November 21, 2005**; and

10.   The deadline for filing oppositions to motions in limine is **December 19, 2005**.

IT IS SO ORDERED.

**Dated:    September 1, 2005**                          _____/s/ Lawrence J. O'Neill_____
b9ed48                                                   UNITED STATES MAGISTRATE JUDGE

6